IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

**ANGELA MARIE WARD**, *on behalf of*                      **PLAINTIFF**
**GEORGIA ELLEN HEAD**

**V.**                              **CAUSE NO. 3:18-CV-831-CWR-LRA**

**THE STATE OF MISSISSIPPI; RALPH**            **DEFENDANTS**
**PRICE; UNKNOWN JUDGE PERSONS;**
**PATRICK SHEEHAN; JD LEE; YVETTE**
**STELLY; VONDER BRUEGGE BRYAN J;**
**SOUTH MISSISSIPPI STATE HOSPITAL;**
**PINE GROVE STATE HOSPITAL; EAST**
**MISSISSIPPI STATE HOSPITAL;**
**RULEVILLE NURSING HOME AND**
**REHABILITATION CENTER; MERIT**
**HEALTH OF JACKSON MISSISSIPPI;**
**GULF OAKS PSYCHIATRIC**
**ASSOCIATES; SUNFLOWER**
**CHANCERY COURT MS; RULEVILLE**
**POLICE DEPARTMENT**

## ORDER

Before the Court is the amended complaint filed by Angela Marie Ward on behalf of her mother, Georgia Ellen Head. Docket No. 3. Ms. Ward alleges that: (1) her mother has been abused while a patient in the Ruleville Nursing Home and Rehabilitation Center, in violation of Mississippi law and the Americans with Disabilities Act; (2) her mother's conservators refuse to speak with Ms. Ward and are mishandling her mother's case; and (3) the nursing home is holding her mother against her will and is defrauding her mother by stealing her SSI checks. She seeks immediate release of her mother and an emergency hearing regarding to restore her conservatorship over her mother. Ms. Ward is proceeding *pro se* and has been granted *in forma pauperis* (IFP) status.

In an IFP case, the Court must dismiss a complaint when the action: "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). In this matter, each of these three elements applies as to at least one of the defendants.

A complaint "must contain a short and plain statement of the claim showing that the pleader is entitled to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009) (quotation marks and citation omitted). "A *pro se* complaint is to be construed liberally with all well-pleaded allegations taken as true. Even a liberally construed *pro se* civil rights complaint, however, must set forth facts giving rise to a claim on which relief may be granted." *Johnson v. Atkins*, 999 F.2d 99, 100 (5th Cir. 1993) (citations omitted).

Ms. Ward's complaint does not meet this standard. First, this Court cannot re-hear the appropriateness of the conservatorship imposed by the state court, essentially for the reasons set forth by Judge Anderson in a similar case:

> Plaintiff attempts to state a constitutional claim by alleging that these Defendants took Sugar's property without due process of law. Merely stating that phrase is not enough, particularly when the state courts provided a forum for the conservatorship issues. In any case, Sugar is not the named Plaintiff in this case; John Salter is the Plaintiff, and he has not shown the authority to sue on her behalf. What Salter is attempting to do is *appeal* the actions of the Madison County Chancery Court to this federal court, but that court's actions are not subject to this federal court's review.

*Salter v. Johnston*, No. 3:12-CV-738-HTW-LRA, 2013 WL 550654, at *2 (S.D. Miss. Jan. 18, 2013), *report and recommendation adopted,* 2013 WL 550665 (S.D. Miss. Feb. 12, 2013); *see also Truong v. Bank of Am., N.A.*, 717 F.3d 377, 382 (5th Cir. 2013) ("A federal district court lacks jurisdiction over challenges to state court decisions in particular cases arising out of judicial proceedings."); *Estate of Pringle v. Pringle*, No. 1:11-CV-152-HSO-JMR, 2011 WL 2446478, at *4 (S.D. Miss. June 15, 2011) ("The Court is persuaded that permitting this action

against Defendant to move forward in this Court would result in federal interference in state administration of the Estate.").

Second, the state-court judge responsible for Ms. Ward's mother's conservatorship—which the amended complaint suggests may be Chancellor Persons—may not be sued for his rulings under the doctrine of judicial immunity. *See Ballard v. Wall*, 413 F.3d 510, 515 (5th Cir. 2005).

Third, Ms. Ward cannot pursue *habeas corpus* relief against the state hospitals named in the complaint, since none of them presently hold Ms. Ward's mother.

Fourth, Ms. Ward cannot initiate criminal charges in this or any other civil action. That decision is reserved to the discretion of the United States Attorney.

Last are the Americans with Disabilities Act and other claims regarding Ms. Ward's mother's placement and care in the Ruleville Nursing Home and Rehabilitation Center. Venue is improper for those claims because that entity is located in the U.S. District Court for the *Northern* District of Mississippi. If Ms. Ward wishes to pursue those claims, she should file a complaint with the Clerk of that Court, whose office is located in Oxford, Mississippi.

For these reasons, this case must be dismissed. The dismissal will be without prejudice. *See Munday/Elkins Auto. Partners, Ltd. v. Smith*, 201 F. App'x 265, 267 (5th Cir. 2006). A separate Final Judgment shall issue this day.

**SO ORDERED**, this the 22nd day of April, 2019.

s/ Carlton W. Reeves<br>UNITED STATES DISTRICT JUDGE